WILLIAM H. WOGLOM ET AL. v. CITY OF PERTH AMBOY,
ANNA M. KANT AND RAHWAY SAVINGS INSTITUTION.

Argued June 1, 1909—Decided November 8, 1909.

The supplement to the Martin act, approved March 30th, 1896
(*Pamph. L.*, p. 190), does not repeal by implication the prior
supplement of 1891 (*Pamph. L.*, p. 450) with reference to the
sale at private sale by a municipal corporation and the assign-
ment of a certificate of sale under said Martin act.

On *certiorari*.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiffs, *Alan H. Strong* and *John W. Beekman.*

For Anna M. Kant, *Coull & Smith.*

For the Rahway Savings Institution, *Clarence D. Ward.*

The opinion of the court was delivered by

VOORHEES, J.   This is an application to vacate the *allocatur*
of a writ of *certiorari*, which was obtained by Woglom and
Culver, the prosecutors, directed to the city of Perth Amboy,
Anna M. Kant and the Rahway Savings Institution, to review
a conveyance made by the city under the Martin act to one
Seaman, dated December 29th, 1896, for certain premises in
Perth Amboy, and also the certificate of such sale given by
the collector to the city, the assignment of the certificate by
the city to Seaman, and brings up all notices, affidavits, min-
utes and proceedings in relation to the same.   The affidavit
for obtaining the writ shows that the prosecutors were the
owners of the premises at the time of the tax sale and which,
on the 22d of April, 1892, were sold by the city of Perth
Amboy for $402.04, the amount of adjustment against them
made by the Martin act commissioners;   that the premises

were bought in by the city; that on May 21st, 1896, the city
of Perth Amboy sold at private sale and assigned the certifi-
cate of sale to Seaman and that the same was not in com-
pliance with the act of 1896, chapter 134, because not executed
by the mayor, clerk and comptroller, being without the signa-
ture of the comptroller; copies of the certificate and of
the assignment were annexed to this affidavit; that Seaman,
June 19th, 1896, served notices to redeem on the owners
and no redemption being made, on December 29th, 1896, a
deed was executed by the city to Seaman; that Seaman, Jan-
uary 14th, 1897, conveyed the premises to the defendant, Anna
M. Kant, who mortgaged them to the Rahway Savings Insti-
tution.,

The real controversy in the case turns upon whether the
certificate of sale made to the city upon its purchase of the
lands at public sale by proceedings under the Martin act was
legally assigned by the city to Seaman. The only effective
reasons assigned by the plaintiffs in *certiorari* are that the
assignment to Seaman was not signed by the comptroller or
treasurer of the city; that the resolution of common council
authorizing the assignment provided for its execution by the
mayor and clerk and not by the comptroller, and that there-
fore the notices to redeem given by Seaman, the alleged
assignee, are defective and insufficient, and therefore the
notices to redeem required by law were not in fact served
upon the owners of the premises.

It is true that the assignment of the certificate was signed
by the mayor and attested by the city clerk. It is dated the
21st of May, 1896, and purports to be in pursuance of a
resolution of the city council passed for that purpose with
the consent of the department of finance. After Seaman re-
ceived this assignment from the city he, on June 19th, 1896,
served the notices upon the owners, requiring them to redeem
the premises. On December 29th, 1896, more than six months
after such service, a deed was executed by the city of Perth
Amboy to Seaman. If this assignment to Seaman was in-
valid then he was not entitled to receive a deed from the
city, for by a supplement to the Martin act (*Pamph. L.* 1891,

*p.* 450) it is provided that upon surrender of the certificate of sale and upon proof of service of notice to redeem upon the owners and mortgagees of the land, the comptroller or other officer shall, after the expiration of six months from the date of service of such notices, execute and deliver to the purchaser at said sale, his heirs, devisees and assigns, a deed for the land. The deed, therefore, could not be delivered until after six months from the date of service of the notices and must then be executed to the original purchaser of the lands at the sale, or, under the supplement of 1896 (*p.* 190) to the assignee of the certificate, where the land had been originally purchased by the city.

A supplement to the Martin act passed in 1891 (*p.* 450) provided that the city might become a purchaser, and in all cases where the lands were bought by the city it should be lawful for the common council or legislative body, with the consent of the body having control of its finances, to sell and assign the certificate of sale to any person or persons on such terms as might be agreed upon and with or without warranty, provided "that if sold at private sale the price for the land shall not be less than the amount due the city thereon when purchased."

The assignment under consideration was undoubtedly intended to be made under the authority of this act. By a supplement approved March 30th, 1896 (*Pamph. L., p.* 190), before the date of the assignment in question, it was provided that where lands have been bought by the city under the Martin act "the mayor, city clerk and comptroller may, before the delivery of the deed, sell at private sale and assign to any person the certificate of sale upon payment to the city of the amount due thereon with interest and all taxes, assessments and water rents subsequently levied thereon and all costs incurred in the proceedings for sale, and the assignment of said certificate shall be signed by said three officers and bear the corporate seal of the city." It is apparent that the assignment was not executed as required by this statute. The prosecutors claim that this act is the only act authorizing an assignment, and the assignment in question not having

been executed in accordance with its terms is ineffectual to pass the certificate to Seaman and to authorize him to give the redemption notices and to receive a deed from the city at the end of the six months.

Whether this contention is sound or not depends upon the effect of the supplement of 1896 upon the supplement of 1891. The latter supplement contains no express repealer, so that if it does away with the earlier act it must do so by implication and because of repugnancy between the two enactments. We do not think that there is any implied repealer. By the act of 1891 certificates were made assignable by the action of the legislative body of the city "on such terms as may be agreed upon and with or without warranty." It cannot be said that the act of 1896 takes away the right of the legislative body of the municipality to assign the certificate. It was designed rather to facilitate such action without the resolution of council, and confers upon the three officers named the right to assign without the legislative action of the council, but expressly subject to the proviso that the authority thus conferred upon these officers may be exercised only when there shall be paid to the city not only the amount originally due on the certificate with interest, but also all taxes, assessments and water rents subsequently levied thereon and all costs incurred in proceedings for sale. When, therefore, the assignment of the certificate is executed by these three officers without the authorization of council it is necessary that all arrears of municipal claims on the property, together with all costs, shall be paid. No discretion is thereby vested in these officers. They may act only in case every cent that is due to the city shall be paid. Such action, however, is not at all inconsistent with the existence of the right of common council to assign the certificate upon such terms as may be agreed upon, and in case of private sale for an amount not· less than that due to the city upon the date of its purchase, and does not take away the power of council to authorize such sale. Indeed, it may be that the property bought in by the city may not be worth the sum originally paid at the sale together with subsequent taxes, and in such case it would be not

only a hardship but inequitable that the city should not be able to dispose of the property for such sum as it was reasonably worth, although less than the whole amount due. To construe the later supplement as an implied repealer would take away this right of compromise and leave the city helpless.

We think, therefore, that the later act did not repeal the former, which results in our holding that the assignment to Seaman was a valid assignment notwithstanding the provisions of the act of 1896. That being so the notices to redeem were legally given by Seaman and he became qualified to accept the conveyance from the city.

As before stated, the invalidity of the assignment being the only ground urged by the prosecutors for invalidating the sale, it follows that they cannot succeed upon the writ, and therefore the motion to vacate the *allocatur* should prevail.